IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ELVIRA DE GALLARDO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:18-cv-472 (MTT) |
| | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is Plaintiff Counsel's Motion for Attorney Fees pursuant to 42 U.S.C. § 406(b)(1).[1]  Doc. 29.  Petitioner Sarah White Park seeks an award of attorney fees in the amount of $41,336.50 for services rendered in connection with the successful representation of Plaintiff Elvira De Gallardo in this Social Security disability appeal.  *Id.* at 1.  The motion is unopposed. For the following reasons, that motion (Doc. 29) is **GRANTED**.

## I. BACKGROUND

On December 31, 2018, Plaintiff filed this action seeking review of the Social Security Administration's denial of disability benefits.  Doc. 1.  On October 24, 2019, United States Magistrate Judge Charles H. Weigle recommended that the Commissioner's decision to deny the Plaintiff's application for disability benefits be

---

[1] Under 42 U.S.C. § 406(b)(1), an attorney who successfully represents a Social Security claimant in court may be awarded a reasonable fee, not to exceed 25% of the past-due benefits awarded to the claimant.

remanded for further review. Doc. 23. On November 20, 2019, the Court adopted the recommendation without objection and, the next day, entered judgment in favor of Plaintiff, remanding the case for further administrative proceedings. Docs. 24; 25. Following remand, Plaintiff was awarded past-due benefits. Docs. 29-2; 29-3.

Plaintiff's counsel now moves for an award of attorney fees pursuant to 42 U.S.C. § 406(b)(1) in the amount of $41,336.50, "with instructions for the agency to process a net attorney fee of $33,574.90 in accordance with agency policy." Doc. 29 at 1.

## II. LEGAL STANDARD

Under 42 U.S.C. § 406(b)(1), when a court renders a judgment favorable to a claimant who was represented by an attorney, the court may award "a reasonable fee" for such representation, not to exceed 25% of the total past-due benefits awarded to the claimant. The fee must be reasonable, and the Court must ensure that the fee awarded does not result in a windfall to the attorney. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807-08 (2002). Courts assess the reasonableness of the requested fee by considering factors such as the quality of representation, the results achieved, and whether the fee would represent a windfall to the attorney. *Id.*

## III. DISCUSSION

The Court has reviewed the materials submitted by Plaintiff's counsel, including the contingent fee agreement between Plaintiff and counsel and the total past-due benefits awarded. Docs. 92-1; 92-2; 92-3. Plaintiff's counsel has timely filed a motion requesting attorney fees in the amount of $41,336.50, which represents 25% of the total past-due benefits awarded to Plaintiff. Docs. 92-1 at 1, 3-5; 92-2; 92-3. This amount is within the 25% statutory cap imposed by 42 U.S.C. § 406(b)(1).

The Court has also considered the relevant factors, including the quality of representation, the results achieved, and the amount of time expended by Plaintiff's counsel.  Here, the fee award requested by counsel falls within the 25% limit under § 406(b) and reflects counsel's fee agreement with Plaintiff.  Docs. 29-1; 29-2; 29-3.  Plaintiff's counsel also provided effective representation that resulted in a favorable outcome for the Plaintiff, and the fee requested is commensurate with the time and effort expended on the case.  Docs. 26-1; 29-2; 29-3.  Additionally, the fee requested does not constitute a windfall to Plaintiff's counsel.  The effective hourly rate resulting from the requested fee is reasonable in light of the complexity of the case and the results achieved.  Docs. 26-1; 29-2; 29-3; 29-4.  The Court further notes that Plaintiff's counsel assumed the risk of non-payment by taking the case on a contingency basis, which too supports the reasonableness of the fee.  Doc. 29-1.  Thus, the Court finds that the requested fee is reasonable under the circumstances.

Finally, it is noted that Plaintiff's counsel previously received an award of attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.  Docs. 27; 28.  When attorney fees are awarded under both the EAJA and 42 U.S.C. § 406(b), the amount of the EAJA award must either be repaid to the claimant or offset from the fees received under § 406(b).  *See Gisbrecht*, 535 U.S. at 796; *see also Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1273-74 (11th Cir. 2010).  Because the motion in this case is unopposed, the Court will do as Plaintiff's counsel requests and instruct the Defendant "to effectuate payment of the net § 406(b) fee of $33,574.90" to Petitioner Sarah White Park—which is $41,336.50 less the previously received $7,761.60 EAJA attorney fee award.  Doc. 29 at 9.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Attorney Fees (Doc. 29) pursuant to 42 U.S.C. § 406(b)(1) is **GRANTED**. Plaintiff's counsel is awarded attorney fees in the amount of $41,336.50. The Defendant is directed to effectuate payment of Plaintiff's counsel's net fee of $33,574.90 under § 406(b) to Petitioner Sarah White Park, which accounts for the previously received $7,761.60 EAJA attorney fee award.

**SO ORDERED**, this 28th day of August, 2024.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
